## NORFOLK COUNTY.

### JOHN DOODY *vs.* FREDERICK PIERCE & another.

If a mortgagor of land performs labor for the mortgagee under an agreement that his wages shall be applied upon the mortgage debt, and earns more than enough to satisfy the same, the debt nevertheless remains undischarged until the actual application of the wages thereupon; and if such application has not been made, and the condition of the mortgage has been broken, the mortgagor may maintain a bill to redeem.

A mortgagee of land who has assigned his interest in the mortgage since the breach of the condition may be included as a defendant in a bill to redeem; especially if it appears that he is interested in the taking of the account.

Although a suit in equity to redeem land from a mortgage has been set down for a hearing on the bill and answer, and a hearing had on the question of jurisdiction, the court may allow the filing of a replication, and send the case to a master to take evidence and state the account between the parties.

Doody *v.* Pierce & another.

A suit in equity to redeem land from a mortgage may be sent to a master to take an account of payments made upon the mortgage debt, although the mortgagee has never been in possession of the premises, and has received no rents and profits.

A plaintiff in equity is a competent witness in his own behalf, although one of the defendants is dead; and he may also introduce in evidence his books of account, provided they have been properly kept, to prove charges against the defendants for labor performed by him.

CHAPMAN, J. This is a bill in equity, brought in the superior court, to redeem a mortgage made by the plaintiff on the 15th of July 1856 to Pierce and Marshall, the original defendants, to secure the payment of a note of that date made by the plaintiff to them for $500, and payable in four years, with annual interest. The case comes before us on an appeal by the defendants from the decree of that court, upon exceptions to the report of a master to whom the case had been referred, in favor of the plaintiff, for the sum of $372.09.

The defendants contend that the bill ought to be dismissed on the ground that it appears, not only by the bill, but by the evidence, that the note was paid at or before its maturity. If it did so appear, this defence ought to prevail. For a mortgage creates a conditional and not an absolute estate, and one which is defeasible by the performance of the condition; so that if the note was paid at or before its maturity, the legal estate of the mortgagee would cease by the terms of his deed, and the mortgagor, having the legal estate already revested in himself, would have nothing to redeem.

But it does not appear that the note was thus paid. When it was given Pierce and Marshall were partners, and it was made payable to their firm. They agreed with the plaintiff that he should work for them, and that they would apply his wages to the payment of the note. On the first of January 1858 they dissolved their partnership, and the note and mortgage were assigned to Marshall. The plaintiff agreed with him to continue to work for him, and that his wages should be applied in the same way. It appears by the master's report that before the principal became due the plaintiff's wages amounted to more than enough to pay the note and interest. But no indorsement has been made on the note, and no actual application of any

part of the wages has ever been made to the payment of the note. It thus appears that the agreement as to the application of the wages was a mere executory contract, and requires a further act to be done before it can operate as payment. The note and mortgage remain legally valid till such application is made, *Cary* v. *Bancroft,* 14 Pick. 315. *Dehon* v. *Stetson,* 9 Met. 345. And as the note was not paid at its maturity, the condition of the mortgage was broken, the legal estate of the mortgagees became absolute, and the plaintiff's estate was turned into a mere equitable right to redeem according to the provisions of our statutes. This bill in equity is therefore the appropriate remedy of the plaintiff to compel the defendants to apply the amount due for his wages to the payment of the note, and to obtain the legal title to the land.

The defendants further contend that Pierce is not a proper party to the bill, because he had assigned his interest in the mortgage to Marshall before breach of the condition. But it is not true that his interest was assigned before breach of the condition. The note is dated July 15th 1856, and the assignment was not made till January 1858. By the non-payment of annual interest, the condition was broken before this time. Furthermore it appears that a part of the plaintiff's labor was performed for Pierce and Marshall, and an account of that labor must be taken in this suit. All parties who are interested in the taking of an account should be made parties to a suit in which the account is taken.

It appears from the papers that the cause was set down for hearing on the bill and answer; that a replication was then filed, and that the cause was afterwards sent to a master to state the account between the parties. The defendants contend that the master ought to have heard the cause on the bill and answer exclusively, instead of which he received evidence of various kinds. The cause appears to have been conducted with some irregularity in respect to the hearing and the filing of the replication. But nothing was done that vitiates the proceedings. The hearing which was had before the filing of the replication seems to have been on the question whether the bill ought to be dismissed

for want of jurisdiction. The fact that the replication **was** then filed is not material. After the hearing the court had authority to allow it to be filed. 2 Dan. Ch. Pr. 971.

When it was filed, it was proper to send the cause to a master to state the account between the parties, and it was proper for him to hear evidence. The defendants object that it was not a proper case for the taking of an account, because they had never been in possession. But the account was not of rents and profits, but of payments, and it is the usual practice to send a cause to a master for such a purpose.

The defendant Marshall having deceased, his administrator was summoned in and appeared. The defendants contend that, by the decease of Marshall, the plaintiff became incompetent to testify, and that the master erred in admitting him as a witness. But it is settled that a plaintiff is a competent witness under our statute, notwithstanding the decease of one of several defendants. *Hayward* v. *French,* 15 Gray, . *Brady* v. *Brady,* 8 Allen, 101.

The defendants further contend that the master erred in admitting the plaintiff's books of account in evidence to prove the labor performed by him. The books have not been submitted to the inspection of the court; but the extracts from them which accompany the master's report indicate that they were properly kept. We can see no reason for setting aside the report on account of their admission.

It appears by the report that the mortgage has been overpaid, and that on the 12th of October 1861 there was due to the plaintiff a balance of $372.09. As the work done for Pierce and Marshall was all applied on the note, the balance is due from the estate of Marshall. By Gen. Sts. *c.* 140, § 28, the plaintiff is entitled to judgment for this balance.

The final decree and judgment of the superior court allowing this sum is therefore affirmed.

*G. E. Betton,* for the defendants.

*A. C. Clark,* for the plaintiff.